# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED

January 20, 2015

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**NAIOMA L. HARBERT,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0262** (BOR Appeal No. 2048822)
                    (Claim No. 2011012109)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**EAGLE GLASS SPECIALTIES, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Naioma L. Harbert, by Robert L. Stultz, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Mary Rich Maloy, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 13, 2014, in which the Board affirmed a September 10, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 17, 2012, decision granting Ms. Harbert a 0% permanent partial disability award for occupational pneumoconiosis. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Ms. Harbert worked as a plant worker and polisher for Eagle Glass Specialties, Inc. Throughout the course of her nearly twenty-five year employment there, she was exposed to significant amounts of dust. When she retired on December 31, 1992, she filed an application for workers' compensation benefits for occupational pneumoconiosis caused by dust exposure. On two separate occasions, in 1993 and 1998, the Occupational Pneumoconiosis Board evaluated Ms. Harbert, but it determined that there was insufficient evidence to establish a diagnosis of occupational pneumoconiosis. On March 17, 2010, the East Ohio Regional Hospital conducted a pulmonary function test showing significant pulmonary function impairment. The testing also showed a carboxyhemoglobin value of 8.1. Based on this testing, Attila A. Lenkey, M.D., found that Ms. Harbert has severe chronic obstructive pulmonary disease and marked decreased diffusion capacity. He determined that she had smoked for several years and attributed the majority of her pulmonary impairment to lung damage from smoking. However, he found that her occupational dust exposure contributed to 15-20% of her pulmonary impairment. Following Dr. Lenkey's evaluation, the claims administrator held her claim compensable for occupational pneumoconiosis on a nonmedical basis under the presumption of West Virginia Code § 23-4-8c(b) (2009).

The Occupational Pneumoconiosis Board then evaluated Ms. Harbert again and determined that there was insufficient evidence of pleural or parenchymal abnormality to establish a diagnosis of occupational pneumoconiosis. The Board reached this conclusion by comparing the x-rays taken during her prior evaluations with her current chest x-rays. The Board also found that she had a twenty-five year history of smoking. Based on the Occupational Pneumoconiosis Board's recommendation, on July 17, 2012, the claims administrator granted Ms. Harbert a 0% permanent partial disability award for occupational pneumoconiosis. The Occupational Pneumoconiosis Board then testified in a hearing before the Office of Judges. On behalf of the Board, Jack L. Kinder Jr., M.D., stated that the post-bronchodilator forced expiratory volume level measured by the Board showed 50% pulmonary impairment. However, he believed none of her impairment was related to occupational dust exposure because the x-rays in her record were negative for pneumoconiosis. He stated that she had been diagnosed with asthma in 2007, and indicated that her pulmonary impairment could be related to asthma. He also found that the March 17, 2010, pulmonary function study conducted by the East Ohio Regional Hospital was not as reliable as the Board's study. The next year, the Occupational Pneumoconiosis Board testified in a second hearing before the Office of Judges, and Dr. Kinder stated that the high fluctuation in the calculation of Ms. Harbert's pulmonary impairment within a short period of time indicated that her impairment was not related to dust exposure. Mahendra M. Patel, M.D., also testified on behalf of the Board that Ms. Harbert did not have any pulmonary impairment related to occupational dust exposure because the pulmonary function studies in the record showed a reversible obstructive lung dysfunction instead of occupational pneumoconiosis. On September 10, 2013, the Office of Judges affirmed the claims administrator's July 17, 2012, decision. The Board of Review affirmed the Order of the Office of Judges on February 13, 2014, leading Ms. Harbert to appeal.

The Office of Judges concluded that Ms. Harbert had no impairment resulting from her exposure to occupational dust. The Office of Judges based this determination on the report and hearing testimony of the Occupational Pneumoconiosis Board because the evidence in the record

did not show that the Board's findings were clearly wrong. The Office of Judges noted that Ms. Harbert had a significant history of cigarette smoking and asthma, which Dr. Kinder testified was more likely the cause of her pulmonary impairment. The Office of Judges also considered the report of Dr. Lenkey and the accompanying pulmonary function study from East Ohio Regional Hospital, but it found that this study was not as reliable as the Board's pulmonary function findings. The Office of Judges specifically found that the 8.1 carboxyhemoglobin value invalidated the diffusion testing results in the East Ohio Regional Hospital's study. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Ms. Harbert has not demonstrated that she is entitled to any permanent partial disability award related to her exposure to occupational dust. The Occupational Pneumoconiosis Board determined that there was insufficient evidence of pleural or parenchymal abnormality to establish a diagnosis of occupational pneumoconiosis. Dr. Kinder, on the Board's behalf, also testified that Ms. Harbert's pulmonary impairment was accounted for by her asthma and smoking history. The Office of Judges properly accorded this medical determination "considerable deference" in reaching its own conclusion. *Fenton Art Glass Co. v. W. Va. Office of Ins. Comm'r*, 222 W. Va. 420, 431, 664 S.E.2d 761, 772 (2008). The East Ohio Regional Hospital's pulmonary function study, which served as the basis of Dr. Lenkey's impairment recommendation, was not sufficiently reliable, particularly considering that the elevated carboxyhemoglobin value invalidated its diffusion test results under West Virginia Code of State Rules § 85-20-52.9(f)(7)(G) (2006).

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: January 20, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II